Catharyn M. COUNTRYMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 36478.

Court of Criminal Appeals of Texas.

Feb. 12, 1964.

Rehearing Denied March 18, 1964.

Chester A. Oehler, Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is drunk driving; the punishment, 10 days in jail and a fine of $100.

The evidence shows that the appellant drove an automobile upon a Dallas street into the rear of another automobile.

The driver of the car that was struck testified that she walked back to the car the appellant was driving and the appellant,

who was alone in the car, said: "I have been drinking. Don't call the police. Have you been drinking?" She expressed the opinion that the appellant was intoxicated.

Police Officers Remes and McDonald answered the call. Officer Remes testified that the appellant identified herself as the driver of the '59 Chevrolet; that she had a little trouble getting out her license; that her speech was incoherent and confused, like she didn't know what was going on; that there was the smell of alcohol on her breath and her walk was unsteady. He also testified that after she arrived at the City Hall she was swaying and staggering and her balance as she stood was unsteady.

Officer McDonald gave similar testimony and expressed the opinion that the appellant was intoxicated.

Officer J. W. Foster, accident investigator, who arrived at the scene shortly after the first officers arrived, testified that the appellant's speech was slurred and confused; her walk was unsteady; he smelled alcoholic beverage on her breath and she told him she had been drinking whisky. He expressed the opinion that she was intoxicated. He also testified that she was taken to the City Jail and turned over to the matron and that at the City Hall she still had a slurred speech and was still unsteady and was swaying.

Also the state called Edward N. Denby who testified that he saw the accident and that when the appellant got out of the car he noticed she couldn't walk straight; that she was kind of leaning and rocking and couldn't stand still, and her face was red. This witness, an employee of Mobil Oil Company, who at the time was working at a parking lot, expressed the opinion that the appellant was intoxicated.

The appellant testified that she had consumed two highballs but that she was not intoxicated. She called other witnesses who gave similar testimony and expressed similar opinions.

The jury resolved the issue against the appellant and the evidence is sufficient to sustain their verdict.

The appellant's brief directs attention to the fact that the jury's verdict fixes *his* punishment, whereas the appellant is a female and the judgment orders that *she* remain in custody until the fine and costs are paid and her term of 10 days has expired.

There is no merit in the contention that the use of the masculine *his*, when the feminine *her* would have been proper, is fatal.

It is interesting to note that the appellant's motion for new trial and amended motion for new trial pray the court to "grant *him* this motion for new trial."

Other complaints found in the appellant's brief present no error.

The judgment is affirmed.